**UNITED STATES of America**

v.

**Ezequiel GARCIA–TREVINO.**

**Crim. No. 93–CR–217–1.**

United States District Court, S.D. Texas, Laredo Division.

Feb. 22, 1994.

Juan Ramon Flores, Fed. Public Defenders Office, Laredo, TX, for defendant.

Yvonne Salinas Gonzalez, U.S. Attorneys Office, Laredo, TX, for U.S.

*MEMORANDUM AND ORDER*

KAZEN, District Judge.

Pending is Defendant's motion to dismiss the indictment on double jeopardy grounds.

On November 18, 1993, Defendant filed an appearance bond in Criminal No. L–93–172. Under the terms of that bond, he and his surety agreed to pay to the United States the sum of $10,000.00 in the event that Defendant failed to appear as ordered by the Court. On December 3, 1993, he failed to appear for a non-jury trial despite having been properly notified. The Court ordered forfeiture of the bond as per Rule 46(e)(1), Fed.R.Crim.P. The Court thereafter entered a judgment of default in favor of the Government and against Defendant in the sum of $10,000.00, plus interest. In the meanwhile, the Defendant was indicted in the instant case, charging him with the crime of failing to appear in violation of Title 18 U.S.C. § 3146(a)(1). The pending motion asserts that prosecution in this case will constitute a second punishment for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. Relying primarily upon the decision in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Defendant maintains that the civil judgment was punitive rather than remedial because the amount of the judgment bore no rational relationship to any damages caused the Government by the failure to appear. He further asserts that the purpose of the judgment was to deter him as well as others from failing to appear and thus serves the aim of punishment.

Because neither side has presented any authority directly on point, a careful look at *Halper* is instructive. The *Halper* court reaffirmed the teaching of earlier cases "that the Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without be-

ing deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Id.* at 444, 109 S.Ct. at 1900. Determining whether a civil sanction constitutes "punishment" requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. *Id.* at 446, 109 S.Ct. at 1901. The Supreme Court recognized that it has previously upheld reasonable liquidated damages clauses because it is often "difficult if not impossible ... to determine the precise dollar figure at which a civil sanction has accomplished its remedial purpose of making the Government whole, but beyond which the sanction takes on the quality of punishment." *Id.* at 448, 109 S.Ct. at 1902. *Halper* then announced "a rule for the rare case" in which the civil sanction is "overwhelmingly disproportionate to the damages ... caused." *Id.*

Title 18 of the United States Code at § 3142(c) authorizes the pretrial release of an accused on such conditions that, among other things, will reasonably assure his appearance as required. One enumerated condition which may be imposed is the execution of an agreement to forfeit, upon failure to appear, property of a sufficient unencumbered value reasonably necessary to assure appearance. § 3142(c)(1)(B)(xi).

The Fifth Circuit has indicated that the purpose of bail is not to enrich the government or punish the defendant but only to insure his presence at trial. *United States v. Parr,* 594 F.2d 440 (5th Cir.1979). A bail bond is in the nature of a contract between the government and the accused. The accused is released from confinement upon his promise to appear when required. If he breaches that promise, he essentially agrees to pay liquidated damages to the Government. *See United States v. Toro,* 981 F.2d 1045, 1048 (9th Cir.1992). It is extremely difficult to place a dollar figure on the actual cost to the Government caused by a defendant who fails to appear for a scheduled trial. *See United States v. Cervantes,* 672 F.2d 460 (5th Cir.1982). For example, in this case the Court blocked off one half-day of a busy schedule for the non-jury trial on December 3, 1993. Government witnesses left their normal duties to appear in the courtroom.

Some came from outside Laredo. A federal prosecutor and federal public defender were present and ready, as were the court reporter, interpreter, and bailiffs. All these resources were wasted by the Defendant's willful failure to appear, not to mention whatever cost was incurred in beginning to look for the Defendant before he surrendered. Under these circumstances, the Court cannot. say that an uncollected—and likely uncollectible—judgment of $10,000.00 is a sanction overwhelmingly disproportionate to the damages caused. Rule 46(e)(1), Fed.R.Crim.P., provides that upon a breach of the condition of a bond the district court "shall declare a forfeiture." Nevertheless even after entry of a judgment of default, a court is authorized to remit the judgment in whole or in part "if it otherwise appears that justice does not require the forfeiture." Rule 46(e)(4) and (2). This explicit safety valve assures that the civil forfeiture of a bond retains its purely remedial function and does not become punitive.

The Court concludes that the entry of a civil judgment forfeiting a bond for failure to appear at trial solely serves a remedial purpose, not punishment of the defendant, and therefore is not a bar to subsequent criminal prosecution for failure to appear based on the same conduct.

The motion to dismiss is DENIED.